TIMOTHY COURCHAINE
United States Attorney
District of Arizona
KEVIN M. RAPP
Assistant United States Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: kevin.rapp@usdoj.gov
*Attorneys for Plaintiff*

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

APR 0 8 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.  CR-25-00541-PHX-SMB (DMF) |
| Plaintiff, | |
| vs. | **I N D I C T M E N T** |
| Adam Weinstein, (Counts 1-20) | VIO:   18 U.S.C. § 1349 Conspiracy to Commit Wire Fraud (Count 1) |
| Gerald Dixon, (Counts 1-20) | 18 U.S.C. § 1343 Wire Fraud (Count 2) |
| Defendants. | 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (Count 3) |
| | 18 U.S.C. § 1957 Transactional Money Laundering (Counts 4-20) |
| | 18 U.S.C. § 981(a)(1)(C) 18 U.S.C. § 982(a)(1) 28 U.S.C. § 2461(c) Forfeiture Allegations |

**THE GRAND JURY CHARGES:**

At all times relevant to this information, in the District of Arizona and elsewhere:

BACKGROUND

1. Adam Weinstein ("WEINSTEIN") is the President and CEO of a Tucson, Arizona based real estate investment and development company known as the Gadsden company ("Gadsden").

2. Gerald Dixon ("DIXON") is the owner and Chairman of the Gadsden Company.

3. In December 2021, WEINSTEIN and DIXON approached victim K.S. about investing in the development and construction of an apartment complex in Tucson. K.S. expressed interest in the investment opportunity because the subject real property was in a designated Qualified Opportunity Zone ("QOZ"). If structured properly, K.S. would be able to defer paying capital gain taxes on profits he made on other real estate projects by investing those capital gains into a construction project in a QOZ. In total, WEINSTEIN and DIXON needed approximately $6.7 million to start the development of the project. The project was named "Block F".

4. The operating agreement called for K.S. to make a $3,375,286 (cash) capital contribution which would represent his 50% interest in the venture. Gadsden's contribution was represented by both WEINSTEIN AND DIXON in an email, orally, and in an executed Operating Agreement that the land had an agreed upon value of approximately $2.3 million plus Gadsden would make a future cash contribution of $1,065,286.

5. None of the $3,375,286 provided by K.S. was used to develop the project as WEINSTEIN and DIXON represented to K.S. Importantly, WEINSTEIN and DIXON misrepresented to K.S. that the property was owned free and clear. WEINSTEIN and DIXON further misrepresented to K.S. that Gadsden owned the property, and it would count toward their 50% of the operating agreement contribution.

## COUNT 1
### Conspiracy
### (18 U.S.C. § 1349)

6. The above factual allegations are realleged and incorporated by reference.

7. Beginning in December 2021 and continuing through April 2022, within the District of Arizona and elsewhere, defendants, WEINSTEIN and DIXON individually and doing business under the entities described above, along with other individuals and entities known and unknown to the Grand Jury, knowingly, and did willfully agree and conspire to commit wire fraud in violation of Title 18 U.S.C. § 1343.

### OBJECT OF CONSPIRACY AND SCHEME TO DEFRAUD

8. The object of the conspiracy and schemes to defraud, as devised and executed by the defendants and others, through the entity described above, was to commit wire fraud by obtaining funds from K.S. and diverting those funds for expenses unrelated to the development of the subject property.

### MANNER AND MEANS OF THE CONSPIRACY AND SCHEMES TO DEFRAUD

9. The manner and means used by the defendant, and others, through the entities described above, to achieve the objects of the conspiracy and the schemes and artifices to defraud, included the following:

   a. To induce victim K.S. to "invest" funds, generally in Block F, with false promises that the funds would be used exclusively for Block F development.

   b. To use K.S.'s funds to pay a lien on the subject property when it was represented that the property was owned by Gadsden "free and clear".

   c. To conceal from K.S. that the development was delayed for an array of reasons when in fact his funds had been diverted for, among other things, personal expenditures and dissipated.

1

**OVERT ACTS**

2      10. In furtherance of the conspiracy and to affect the objects of the conspiracy, the

3  following overt acts, among others, were committed in the District of Arizona and

4  elsewhere:

5          a.  From February through April, 2022, WEINSTEIN diverted approximately

6              $200,000 of K.S.'s funds to pay his American Express credit card transactions

7              for personal expenses including, but not limited to, luxury hotel stays in New

8              York City, restaurants, expensive ski trips in Taos, New Mexico and Telluride,

9              Colorado, a rental agency in London, England, home furnishings, purchases at

10             high end department stores, airline tickets to Paris, France and other destinations,

11             and Gadsden payroll expenses.

12         b.  In April 2022, WEINSTEIN and DIXON wired a portion of K.S.'s contribution

13             to pay off an existing lien on the Block F property.

14  All in violation of 18 U.S.C. § 1349.

15

16                                    **COUNT 2**
                                     **Wire Fraud**
17                              **(18 U.S.C. § 1343)**

18      11. The above factual allegations are realleged and incorporated by reference.

19      12. WEINSTEIN and DIXON, individually and doing business under the entities

20  described above, along with other individuals and entities known and unknown to the

21  Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice

22  to defraud and to obtain money and property from K.S. by means of materially false and

23  fraudulent pretenses and representations, and by the concealment and omission of material

24  facts.

25      13. On or about February 1, 2022, for the purpose of executing and attempting to

26  execute the scheme or artifice to defraud and to obtain money and property, WEINSTEIN

27  and DIXON, individually and doing business under the entities described above,

28  knowingly transmitted and caused to be transmitted, by means of wire and radio

communications in interstate commerce, certain writings, pictures, signals, and sounds, to the District of Arizona, that is WEINSTEIN and DIXON caused K.S. to send $3,375,286 *via* wire transfer from Sterns Bank N.A. based in St. Cloud, Minnesota to National Bank of Arizona, located in Phoenix, AZ, account number x6333.

All in violation of Title 18 U.S.C. § 1343.

### COUNT 3
**Conspiracy To Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

14. The above factual allegations are realleged and incorporated by reference.

15. Beginning in or around February 2022 and continuing through April 2022, in the District of Arizona and elsewhere, defendants WEINSTEIN and DIXON, individually and doing business under the entities described above, along with other individuals and entities known and unknown to the Grand Jury, knowingly and intentionally agreed, confederated, and conspired with each other, and with others known and unknown to the grand jury, to commit Transactional Money Laundering, in violation of Title 18 U.S.C. 1957(a).

All in violation of Title 18 U.S.C. §1956(h).

### COUNTS 4 – 20
**Transactional Money Laundering**
**(18 U.S.C. § 1957(a))**

16. The above factual allegations are realleged and incorporated by reference.

17. On the dates listed below, Defendants WEINSTEIN and DIXON, individually and doing business under the entities described above, along with other individuals and entities known and unknown to the Grand Jury, knowingly engaged and attempted to engage in the following monetary transactions in the United States in criminally derived property of a value exceeding $10,000, derived from specified unlawful activity, namely the violation of 18 U.S.C. § 1343 (wire fraud) as alleged in count 2 above, with each instance being a separate count under this indictment:

| Count | Date | Description | Amount |
|:---:|:---:|:---:|:---:|
| 4 | 02/01/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $100,000 |
| 5 | 02/01/2022 | Withdrawal from National Bank of Arizona account x0498 (Gadsden) via wire to Clearing House CDFI (existing loan payment) | $36,920 |
| 6 | 02/01/2022 | Credit card payment made to American Express from National Bank of Arizona account x0498 (Gadsden) | $16,470 |
| 7 | 02/02/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $100,000 |
| 8 | 02/03/2022 | Credit card payment made to American Express from National Bank of Arizona account x0498 (Gadsden) | $40,000 |
| 9 | 02/15/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $976,424 |
| 10 | 02/15/2022 | Transfer from National Bank of Arizona account x0498 to National Bank of Arizona account x2904 (Lillian Court) | $976,424 |
| 11 | 02/25/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $135,000 |
| 12 | 02/25/2022 | Withdrawal from National Bank of Arizona account x0498 (Gadsden) via wire to Clearing House CDFI (existing loan payment) | $128,488 |
| 13 | 03/24/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $84,840 |
| 14 | 03/24/2022 | Transfer from National Bank of Arizona account x0498 (Gadsden) to National Bank of Arizona account x9841 (MSA Annex) | $84,840 |
| 15 | 03/24/2022 | Withdrawal from National Bank of Arizona account x9841 (MSA Annex) via check, payable to Palo Verde Electric, Inc. (#0619) | $84,840 |
| 16 | 04/18/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $98,975 |

| Count | Date | Description | Amount |
|:-----:|:-----|:------------|:------:|
| 17 | 04/18/2022 | Credit card payment made to American Express from National Bank of Arizona account x0498 (Gadsden) | $98,975 |
| 18 | 04/22/2022 | Transfer from National Bank of Arizona account x6333 (Block F) to National Bank of Arizona account x0498 (Gadsden) | $1,404,490 |
| 19 | 04/22/2022 | Transfer from National Bank of Arizona account x2904 (Lillian Court) to National Bank of Arizona account x0498 (Gadsden) | $958,000 |
| 20 | 04/22/2022 | Withdrawal from National Bank of Arizona account x0498 (Gadsden) via wire to Stewart Title and Trust (1XX S. Linda Ave.) | $2,362,490 |

All in violation of Title 18 U.S.C. §1957(a).


**FORFEITURE ALLEGATIONS**

18. The above factual allegations are realleged and incorporated by reference.

19. Pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses alleged in counts 1 through 20 above, Defendant shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offenses, or in any property traceable to such property involved in such offenses, including the following: (a) all money or other property that was the subject of each transaction or transfer in violation of a statute listed in 18 U.S.C. §§ 981(a)(1)(A) or 982(a)(1), (b) all other property constituting proceeds obtained as a result of those violations or violations of a statute listed in 18 U.S.C. § 981(a)(1)C), and (c) all property used in any manner or part to commit or to facilitate the commission of a violation of any statute listed in 18 U.S.C. §§ 981(a)(1)(A) or 982(a)(1), including but not limited to the sum of money equal to at least $3,375,286 in U.S. currency, representing the amount of money involved in the offenses.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence,

b.  has been transferred or sold to, or deposited with, a third party,

c.  has been placed beyond the jurisdiction of the court,

d.  has been substantially diminished in value, or

e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 8, United States Code, Section 1324(b), Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: April 8, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/*
KEVIN M. RAPP
Assistant U.S. Attorney